UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GLADYS FONSECA,
a/k/a Gladis Fonseca,

    Plaintiff,

v.                                     Case No. 3:21-cv-521-MMH-PDB

AMERICAN RELIABLE
INSURANCE COMPANY,

    Defendant.

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (Doc. 12; Motion) filed on June 22, 2021. In the Motion, Defendant moves for dismissal of this action pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)), for failure to state a claim. See Motion at 1. Plaintiff filed a response in opposition to the Motion on August 10, 2021. See Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 21; Response). Upon review, the Court finds that the Motion is due to be denied.

### I. Standard of Review

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed,

"the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

## II.  Discussion

In the Amended Complaint (Doc. 9), Plaintiff asserts a breach of contract arising out of Defendant's refusal to pay her claim under a homeowner's insurance policy. According to Plaintiff, on June 22, 2020, she sustained a covered loss to her property as a result of wind damage. See Amended Complaint ¶ 8. Plaintiff alleges that at the time of the loss she had paid the premium and the policy was in full force and effect. Id. ¶¶ 6, 8. Plaintiff asserts that Defendant has refused to issue payment and as a result, she has sustained damages. Id. ¶¶ 10, 12. In support, Plaintiff also identifies the policy number, claim number, and address of the damaged property. Id. ¶¶ 6-7, 9.

Under Florida law, to plead a claim for breach of contract, "a plaintiff must assert the existence of a contract, a breach of such contract, and damages resulting from such breach." See Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co., 527 F. Supp. 2d 1355, 1365 (M.D. Fla. Oct. 5, 2007) (citing Knowles v.

C.I.T. Corp., 346 So. 2d 1042, 1043 (Fla. App. 1977)). Here, Plaintiff has alleged the existence of a contract and specifically identified it by policy number. See Amended Complaint ¶ 6. In addition, Plaintiff has alleged a breach of that contract—Defendant's refusal to pay Plaintiff's claim, identified by claim number, for allegedly covered losses to a specifically identified property stemming from wind damage on June 22, 2020. Id. ¶¶ 7-11.[1] In addition, Plaintiff alleges that she has sustained damages as a result of this breach. Id. ¶ 12. While perhaps not a model of clarity, drawing all reasonable inferences in Plaintiff's favor, the Court is satisfied that Plaintiff's allegations are sufficient to provide Defendant with notice of what Plaintiff's claim is and the grounds on which it rests.

Defendant asserts that dismissal is warranted because the Amended Complaint does not contain allegations describing the specific property damage involved, Plaintiff does not attach the insurance policy to the Amended Complaint, and Plaintiff does not identify the specific provisions of the Policy

---

[1] The Court notes that at the end of paragraph 6, Plaintiff inexplicably included the phrase "sudden and accidental failure of plumbing system." See Amended Complaint ¶ 6. The phrase is obviously unconnected to any surrounding sentence and makes no sense as situated. Nevertheless, Defendant argues that because of this phrase Plaintiff fails to "clearly articulate the nature or cause of the damages at issue." See Motion at 9. However, in the Court's view, the inclusion of this phrase is an obvious scrivener's error and as such, one can readily discern from paragraph 8 of the Amended Complaint that the cause of Plaintiff's loss was wind damage.

that were allegedly breached. See Motion at 9-11.[2] These arguments are unavailing. The details Defendant seeks are not necessary to state a claim for breach of contract under the circumstances of this case, nor is Plaintiff required to attach a copy of the insurance policy to her pleading in federal court. See Green v. Dr. Kelly Malinoski, LLC, No. 2:19-cv-556-FtM-60NPM, 2019 WL 6173175, at *1-2 (M.D. Fla. Nov. 20, 2019) ("[W]hen asserting a breach of contract claim, it is well-established that in federal court, a plaintiff is not required to attach a copy of the contract to the complaint."); see also Elmore v. Fed. Ins. Co., No. 6:20-cv-2136-ACC-EJK, 2021 WL 3494586, at *2-3 (M.D. Fla. Feb. 10, 2021); Turco v. Ironshore Ins. Co., No. 2:18-cv-634-FtM-99MRM, 2018 WL 6181348, at *3 (M.D. Fla. Nov. 27, 2018); Bray & Gillespie Mgmt. LLC, 527 F. Supp. 2d at 1365.[3] To the extent Defendant cites non-binding authority to

---

[2] Defendant also contends that Plaintiff's failure to use the correct caption and violation of this Court's typography requirements support dismissal. See Motion at 5-6. However, neither of these errors have any impact on whether Plaintiff has stated a claim for breach of contract. The Court is fully capable of enforcing the Local Rules and indeed, previously addressed these errors with Plaintiff in its June 11, 2021 Order (Doc. 11). While Plaintiff's counsel should take greater care in his drafting going forward, the record does not support the imposition of a sanction as severe as dismissal with prejudice at this time.

[3] It bears noting that the insurance policy at issue is part of the record in this case as it was attached to the original complaint when Defendant removed the case to this Court. See Complaint, Ex. A (Doc. 3-1). Moreover, while Defendant complains that Plaintiff failed to specifically describe the damage to her property, this failure did not prevent Defendant from ascertaining the amount in controversy based on the "detailed estimate prepared by Pelican Property Solutions, Inc. . . . allegedly identifying various areas of the Property that sustained damage and the amounts being sought from American Reliable for repairs." See Notice of Removal (Doc. 1), Ex. D.

the contrary, the Court is not persuaded by these decisions.[4]  Because the factual allegations of the Amended Complaint provide Defendant with adequate notice of the contract at issue and how Defendant allegedly breached that contract, the Court finds that the Motion is due to be denied.  Accordingly, it is

**ORDERED:**

Defendant's Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (Doc. 12) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of October, 2021.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

---

[4] Significantly, the Court notes that the district court cases on which Defendant relies do not support dismissal with prejudice as Defendant seeks here.  See 5650 N Miami Ave LLC v. Scottsdale Ins. Co., No. 20-21702-CIV, 2020 WL 3839809, at *2 (S.D. Fla. July 8, 2020) (granting dismissal without prejudice after plaintiff twice failed to respond to a motion to dismiss); Sanfelippo v. Cincinnati Ins. Co., No. 220CV527FTM38MRM, 2020 WL 5203531, at *2 (M.D. Fla. Sept. 1, 2020) (dismissing claim without prejudice and with leave to amend); Raven Env't Restoration Servs., LLC v. United Nat'l Ins. Co., No. 20-23060-CIV, 2020 WL 5292049, at *4 (S.D. Fla. Sept. 3, 2020) (dismissing claim without prejudice); Viamontes v. Scottsdale Ins. Co., No. 20-22532-CIV, 2020 WL 5981680, at *3 (S.D. Fla. Oct. 8, 2020) (same).  In addition, the Court notes that the language cited from the unpublished Eleventh Circuit decision in Herssein Law Grp. v. Reed Elsevier, Inc., 594 F. App'x 606, 608 (11th Cir. 2015), was based on a Sixth Circuit case, "originating from Ohio," because "[t]he contractual relationship dictated choice of Ohio law."  See id. at 608 & n.1.  In a more recent, published, decision, the Eleventh Circuit affirmed a dismissal for failure to state a breach of contract claim where the plaintiff "ha[d] not alleged any general or specific provision of any contract that [defendant] might have breached."  See Estate of Bass v. Regions Bank, Inc., 947 F.3d 1352, 1358-59 (11th Cir. 2020) (emphasis added).  Here, Plaintiff has identified both a particular contract, her homeowner's insurance policy, and a general provision that Defendant has allegedly breached, coverage for losses stemming from wind damage.

lc11

Copies to:

Counsel of Record